In re DAVID WEIS WHOLESALE JEW-
ELERS, INC. d/b/a David Weis Jewel-
ers and Distributors d/b/a David Weis
d/b/a Jewel Mart d/b/a American In-
centive Marketing d/b/a Advertising
Syndicate of America, Debtor.

Mark L. GLOSSER, Trustee, Plaintiff,

v.

PAUL E. BOOTS & SONS, Defendant.

Bankruptcy No. 90–3546PGH.
Adv. No. 91–710.

United States Bankruptcy Court,
W.D. Pennsylvania.

March 31, 1992.

Mark L. Glosser, Pittsburgh, Pa., trust-
ee.

Kenneth E. Fox, Jr., Ellwood City, Pa.,
for Paul E. Boots & Sons.

## OPINION

WARREN W. BENTZ, Bankruptcy
Judge.

### Background

Mark L. Glosser, Esq. (the "Trustee")
filed the within Complaint to determine the
validity and priority of an alleged Mechan-
ic's Lien Claim filed by Paul D. Boots &
Sons ("Boots") against certain real proper-
ty in Lawrence County, Pennsylvania (the
"Property"). Presently before the Court is
the Trustee's Motion for Summary Judg-
ment. There being no issue of material
fact and no facts having been suggested by
Boots which, assuming them to be true,
would lead to a different result, we will
grant the Trustee's Motion.

### Facts

By deeds recorded April 18, 1983 at Law-
rence County Deed Book Volume 657, page
508 and Volume 657, page 518, Alan L.
Silberman and Shiela R. Silberman, his
wife, James C. Silberman and David Weis
Wholesale Jewelers, Inc. granted and con-
veyed their respective undivided interests
in the Property to David Weis Wholesale
Jewelers, Inc. (the "Debtor" or "David
Weis"). By recording of these deeds,
David Weis owned the entire Property.

On January 24, 1991, the Debtor's Chap-
ter 11 case was converted to a proceeding
under Chapter 7 of the Bankruptcy Code.
123 B.R. 526.

In May 1991, the Trustee filed a Com-
plaint to sell the Property free and clear of
all liens and encumbrances. In response,
Boots filed an objection to the sale. Boots
alleged that it performed roofing work on
the Property in 1990; that Boots was due
$3,800 for roofing services; and that Boots
was entitled to payment of $3,800 from the
sale proceeds by virtue of a mechanic's lien
claim filed on February 14, 1991 in the
Court of Common Pleas of Lawrence Coun-
ty, Pennsylvania, at Number 29 of 1991
M.L.D. (the "Mechanic's Lien").

The Property was sold pursuant to Order
of this Court dated June 13, 1991. All liens
and encumbrances against the Property
were transferred to the proceeds of sale.

Thereafter, the Trustee filed the within Complaint to determine the validity of Boots' Mechanic's Lien claim.

## Discussion

The Trustee alleges that Boots' Mechanic's Lien is invalid for the reason that Boots did not comply with the provisions of the Mechanic's Lien Law, 49 P.S. § 1101 et seq., by failing to file and index the Mechanic's Lien in the name of the owner of the Property. The Trustee's Brief in Support of his Motion for Summary Judgment raises additional issues not raised in the Complaint, to-wit: whether the alleged perfection of the Mechanic's Lien is void pursuant to 11 U.S.C. § 362 as relief from stay was not obtained prior to filing the Mechanic's Lien *after* the Debtor was in bankruptcy and whether the Trustee may avoid the Mechanic's Lien under § 544, 545 and 547 of the Bankruptcy Code.

Boots asserts that the Trustee cannot raise these additional issues for the first time in his brief. The issues raised by the Trustee may or may not have merit, but they need not be addressed as we find that Boots' attempted perfection of the Mechanic's Lien is invalid under Pennsylvania law.

Boots relies on § 1503 of the Mechanic's Lien Law, 49 P.S. § 1503, which states that "The claim shall state: ... (2) the name and address of the owner or reputed owner; ..." Boots apparently alleges that the parties upon which the Mechanic's Lien was served were reputed owners. Boots contracted with David Weis to do the work. The invoice attached to the Mechanic's Lien is made out to David Weis. A quotation prepared by Boots prior to commencement of the work is addressed to David Weis and was signed by James C. Silberman in his capacity as President of David Weis authorizing Boots to complete the work. Thus, it is clear that Boots had actual knowledge that David Weis was the owner of the Property.

■ Boots attached to its Mechanic's Lien claim a legal description of the Property taken from a *prior* deed ("Prior Deed") in the chain of title. Boots' Mechanic's Lien named the owners as listed in the Prior Deed (i.e., Alan Silberman and Shiela R. Silberman, his wife, James C. Silberman and The Wilkens Company), which did not include David Weis, who had been the record owner since 1983.

David Weis was the record title holder to the Property and also the party with whom Boots contracted to do the work. 49 P.S. § 1301 provides:

> Every improvement and the estate or title of the *owner* in the property shall be subject to a lien.... (emphasis added).

Thus, in order to perfect a mechanic's lien, the lien must be filed against the owner, i.e., David Weis. The state of the title of the Property was a matter of record and Boots could have named David Weis as a defendant, but failed to do so. Pennsylvania courts interpret the Mechanic's Lien Law literally and would not allow the instant claim. *Toll–Barkan Co. v. Toll*, 193 Pa.Super. 221, 164 A.2d 36 (1960).

Boots does not have a perfected mechanic's lien against the Property and is not entitled to claim a lien against the proceeds generated by the sale.

■ We address one final issue raised by Boots. Boots asserts that the Trustee's Complaint should be dismissed for failure to serve a copy of the Complaint on the Defendant by December 23, 1991 as required by our First Pretrial Order of December 13, 1991. The Complaint was served one day late, on December 24, 1991. Boots suffered no prejudice as a result of receiving the Complaint one day late. We will not dismiss the Complaint for such a de minimus infraction. Such action would be without prejudice in any event and be a wasted effort for the Court and all parties involved.

An appropriate Order will be entered.

## ORDER

This 31 day of March, 1992, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. The Mechanic's Lien claim asserted by Paul E. Boots & Sons against the pro-

ceeds of sale of the Lawrence County, Pennsylvania real estate owned by the Debtor is disallowed in its entirety.

2. Paul E. Boots & Sons is allowed a general unsecured claim in the amount of $3,800.